William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Aarti K. Wilson (Bar No. 255523)
awilson@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendants
NBTY MANUFACTURING LLC d/b/a
CAPSULE WORKS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARENET USA INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NBTV MANUFACTURING LLC, a New York limited liability company; CAPSULE WORKS, an unknown entity; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 5:14-cv-01520-GW-JEMx<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Assigned to the Honorable George Wu |

## GOOD CAUSE STATEMENT

The Court may enter a protective order upon a showing of good cause. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c)). Here, there is good cause for the entry of this protective order. Plaintiff has filed various claims against defendant NBTY Manufacturing LLC d/b/a Capsule Works, including a breach of contract claim.

The Parties anticipate producing certain information and documents in this matter that are competition-sensitive, including confidential customer and vendor information and sales information. The use of such confidential information should be limited to this litigation. It should not be disclosed to the public as disclosure would be harmful to the Parties and their customers. The purpose of this Protective Order is to provide a means for limiting access to and use and disclosure of such confidential documents or information that is produced in this action. Any unauthorized disclosure of confidential documents or information in violation of this Order may be subject to discipline by the contempt powers of this Court.

Based on the foregoing, the parties stipulate and request that the Court ORDER as follows:

1. Any party to this litigation and any third party shall have the right to designate as "Confidential Material" and subject to this Order any information, document, or thing, or portion of any document or thing that (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) contains private or confidential personal information, (c) contains information received in confidence from third parties, or (d) the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Confidential Material"). Any party or third party covered by this Order that produces or discloses any Confidential Material shall mark it with the following or a

1  substantially similar legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE
2  ORDER."

3      2.    Any party and third party shall have the right to designate as "Attor-
4  neys' Eyes Only Material" and subject to this Order any information, document, or
5  thing, or portion of any document or thing that contains highly sensitive business
6  or personal information, the disclosure of which is highly likely to cause signifi-
7  cant harm to an individual or to the business or competitive position of the desig-
8  nating party.  Any party to this litigation or third party covered by this Order that
9  produces or discloses any Attorneys' Eyes Only Material shall mark the same with
10 the following, or a substantially similar, legend:  "HIGHLY CONFIDENTIAL –
11 ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

12     3.    Any Confidential or Attorneys' Eyes Only Material produced in a
13 non-paper medium (*e.g.*, videotape, audiotape, computer disc) may be so
14 designated by labeling the outside of such non-paper medium, as appropriate, with
15 the following, or a substantially similar, legend: "CONFIDENTIAL – SUBJECT
16 TO PROTECTIVE ORDER " or "HIGHLY CONFIDENTIAL – ATTORNEYS'
17 EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  In the event a receiving
18 party generates any electronic copy, hard copy, transcription, or printout from any
19 such designated non-paper medium, that party, and all persons subject to this
20 Order, must treat each copy as the original was designated and label it in a manner
21 consistent with this Order.

22     4.    All designations of Confidential Material and Attorneys Eyes Only
23 Material shall be made in good faith and in accordance with Fed. R. Civ. P. 26
24 (c)(1)(G).  Nothing in this Stipulation and Protective Order shall be construed to
25 preclude either Party from asserting in good faith that certain Confidential
26 Materials or Attorneys Eyes Only Materials require additional protection. The
27 Parties shall meet and confer to agree upon the terms of such additional protection
28 when relevant.

5.  All Confidential Material and Attorneys' Eyes Only Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than the persons set forth in paragraphs 6 and 7, unless and until the restrictions under this Order are removed either by written agreement of counsel or Court Order.  Counsel may, however, give advice and opinions to his or her client solely relating to this action based on an evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only Material except by prior written agreement of counsel or Court Order.

6.  Confidential Material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a.  Outside counsel retained by the parties for this case and in-house counsel for the parties working on this case;

    b.  Outside experts or consultants retained by outside counsel for purposes reasonably related to the scope of an expert's work in this case,  provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c.  Secretarial, paralegal, clerical, duplicating and data-processing personnel working under the direct supervision of outside counsel, in-house counsel, outside experts, or outside consultants described in paragraphs 6.a and 6.b;

    d.  The Court, jury, court reporters, and court personnel;

    e.  Any deponent who is shown or examined about any Confidential Material or Attorneys' Eyes Only Material, if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the Confidential

**STIPULATED PROTECTIVE ORDER**
3

Material or Attorneys' Eyes Only Material, or if the producing party consents to such disclosure;

  f. Vendors retained by or for the parties to assist with respect to pretrial discovery, trial, or hearings, including but not limited to court reporters, litigation support personnel, jury consultants, persons preparing demonstrative and audiovisual aids for use in court, in depositions, or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

  g. Attorneys, managers, and executives of parties that are business entities and who are required to participate in decisions regarding this lawsuit; and

  h. An individually named Plaintiff, with disclosure only to the extent reasonably necessary for the named Plaintiff's participation in the case as determined in good faith by Plaintiffs' counsel, provided the named Plaintiff has signed a non-disclosure agreement in the form attached hereto as Exhibit A.

 7. Material designated as Attorneys' Eyes Only Material may be disclosed only to:

  a. defendant's in-house counsel and paralegals working on this case;

  b. outside counsel of record and paralegals for the receiving party working on this case;

  c. vendors retained by or for the parties to assist with respect to pretrial discovery, trial, or hearings, including but not limited to court reporters, litigation support personnel, jury consultants, persons preparing demonstrative and audiovisual aids for use in court, in depositions, or mock jury sessions;

  d. other persons as to whom counsel for the producing party agrees in advance;

  e. as ordered by the Court, provided that such other persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

8. Confidential and Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under paragraphs 6 or 7. Confidential and Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality consents to the disclosure or waives the claim of confidentiality, or (b) the Court orders the disclosure.

9. With respect to depositions during which there has been disclosure of Confidential or Attorneys' Eyes Only Material, the party or third party designating the material as Confidential or Attorneys' Eye Only Material shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all parties that portions of the transcript are to be designated as Confidential Material or Attorneys' Eyes Only Material, which period may be extended by agreement of the parties. During the 21-day period, no deposition transcript containing Confidential Material or Attorneys' Eyes Only Material, and no contents of the Confidential Material or Attorneys' Eyes Only Material contained in the transcript, shall be disclosed to anyone other than (a) the individuals described in paragraphs 6.a, 6.b, 6.c, 6.d, and 6.f above with respect to Confidential Material, (b) the individuals described in paragraph 7 with respect to Attorneys' Eyes Only Material, and (c) the deponent. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with preceding Paragraphs of this Order.

10. Each person who signs the non-disclosure agreement attached hereto as Exhibit A shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to compliance with or violation of this Order.

11. The recipient of any Confidential or Attorneys' Eyes Only Material

subject to this Order shall maintain that material in a secure location, and exercise at all times due and proper care to ensure the continued confidentiality of the material.

12. A party shall not be obligated to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during this litigation. If counsel for a party receiving documents or information in discovery in this case objects to the designation of any of them as Confidential or Attorneys' Eyes Only Material, the following procedures shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and state the grounds for objection. Counsel for the designating party or third party shall respond in writing to the objection within ten (10) days, and state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only Material. If no timely written response is made to the objection, the challenged designation will be deemed withdrawn. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If the designating party does not agree to de-designate the Materials in the designation objections and instead pursues the meet-and-confer process, the parties shall conduct the in-person meet and confer required by Local Rule 37 within ten (10) calendar days of the designating party's meet-and-confer letter.

    b. If a dispute as to a designation as Confidential or Attorneys' Eyes Only Material cannot be resolved by agreement, the proponent of the designation shall present the dispute to the Court. The designating party shall thereafter serve the objecting party with a joint stipulation pursuant to Local Rule

37 within seven (7) calendar days of the parties' in-person meet and confer session. The designating party shall thereafter file the joint stipulation and related motion papers with the Court within two (2) court days of receipt of the objecting party's portion of the joint stipulation, to seek relief from the Court to uphold any or all designations on documents, testimony or information addressed by the designation objections (the "Designation Motion"). Pending resolution of the dispute, the document or information that is the subject of the filing shall be treated as originally designated.

13. Documents containing Confidential or Attorneys' Eyes Only Material shall not be filed with the Court except as necessary, including without limitation in support of motions and as trial evidence. Any such filings will be made in good faith and not solely for an improper purpose such as harming, harassing or embarrassing another party. All requests to seal documents filed with the Court shall comply with L.R. 79-5.1.

14. If the need arises during trial or a hearing to disclose publicly Confidential or Attorneys' Eyes Only Material, the party seeking to make such disclosure shall do so only after giving notice to the producing party and affording the producing party the opportunity to oppose the disclosure, and only after permitted by the Court.

15. To the extent consistent with applicable law, the inadvertent disclosure of Confidential or Attorneys' Eyes Only Material, regardless of whether it was so designated at the time of disclosure, shall not be deemed a waiver of confidentiality, either as to the specific material disclosed or as to any other material or information concerning the same or related subject matter. The inadvertent disclosure may be rectified by written notification, to counsel for all parties to whom the material was disclosed and within a reasonable time after disclosure, that the material should have been designated as Confidential or Attorneys' Eyes Only Material. The written notification shall constitute a

designation of the material as Confidential or Attorneys' Eyes Only under this Order.

16. When the inadvertent disclosure of any information, document or thing subject to attorney-client, another privilege, or work-product immunity, is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent disclosure shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. Nothing herein, however, herein restricts the right of the receiving party to challenge the producing party's claim of privilege within a reasonable time after receiving notice of the inadvertent disclosure.

17. In the event any receiving party having possession, custody or control of any Confidential or Attorneys' Eyes Only Material receives a subpoena, request for production of documents, or other process or order (the "Request") to produce such material in another, unrelated legal proceeding, the receiving party shall (1) give notice of the Request to counsel for the disclosing party or third party that designated the material as Confidential or Attorneys' Eyes Only Material, (2) provide a copy of the Request to counsel for the disclosing party or third party, and (3) cooperate in all reasonable efforts of the disclosing party or third party to oppose production of the material sought by the Request. The disclosing party or third party making the designation as Confidential or Attorneys' Eyes Only Material shall have the burden of defending against the Request. The party receiving the Request shall be entitled to comply with it except to the extent the disclosing party or third party making the Confidential or Attorneys' Eyes Only Material designation obtains an order modifying or quashing the Request.

18. Nothing in this Order shall preclude any parties, third parties or their attorneys from disclosing or using any material or documents from the party's or third party's own files which the party or third party itself has designated as

1  Confidential or Attorneys' Eyes Only Material.  No information that is in the
2  public domain, or which is already rightfully known by the receiving party, shall
3  be subject to this Order.
4     19.    This Order shall not deprive any party of its right to object to
5  discovery by any other party or on any otherwise permissible ground.  This Order
6  is being entered without prejudice to the right of any party to move the Court for
7  modification or for relief from any of its terms.
8     20.    This Order shall survive the termination of this action and shall
9  remain in full force and effect unless modified by Court Order or the written
10 stipulation of the parties filed with the Court.
11 //
12 //

21. Within sixty (60) days of the termination of litigation between the parties, including conclusion of all appeals and the expiration of time to appeal or seek further review, each party or other person or entity subject to the terms hereof shall assemble and to return to the producing party or third party all original and unmarked copies of documents and things containing Confidential and Attorneys' Eyes Only Material, and destroy, if the producing party so requests, all copies of Confidential and Attorneys' Eyes Only Material that contain or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential and Attorneys' Eyes Only Material; provided, however, that counsel may retain one copy of all transcripts and pleadings, and any exhibits thereto, subject to the provisions of this Order. If destroyed, counsel shall certify to the destruction and provide a copy of the certification to the producing party or third party. To the extent a party requests the return of Confidential and Attorneys' Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated: November 13, 2014

*John E. McDermott*
John E. McDermott
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARENET USA INTERNATIONAL, INC., a California Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>NBTV MANUFACTURING LLC, a New York limited liability company; CAPSULE WORKS, an unknown entity; and DOES 1-20, inclusive,<br><br>     Defendants. | Case No.: 5:14-cv-01520-GW-JEMx<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Assigned to the Honorable George Wu |

  I, _____, declare that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____.

  3. My present occupation or job description is _____.

  4. I have carefully read and understood the provisions of the Protective

1  Order that the Court has entered in this case, and I will comply with all of its
2  provisions.
3      5.   I will hold in confidence and not disclose to anyone not authorized by
4  the Protective Order any Confidential Material or Attorneys' Eyes Only Material
5  disclosed to me, or any summaries, abstracts, indices, descriptions, discussions, or
6  other documents or communications containing or describing Confidential
7  Material or Attorneys' Eyes Only Material disclosed to me.
8      6.   I will limit use of Confidential Material and Attorneys' Eyes Only
9  Material disclosed to me solely for purposes of this case.
10     7.   I agree to subject myself to the jurisdiction of this Court for the
11 purpose of any proceedings relating to compliance with or violation of the
12 Confidentiality Order.
13     8.   Within sixty (60) days of the final conclusion of the case, I will return
14 all Confidential Material and Attorneys' Eyes Only Material and summaries,
15 abstracts, and indices thereof which come into my possession, and documents or
16 things which I have prepared relating thereto, to counsel for the party who
17 disclosed the Confidential Material or Attorneys' Eyes Only Material to me.
18     I declare under penalty of perjury that the foregoing is true and
19 correct.
20
21   Date:                          _____
22                            [Name]

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
2

133745.1